JS 44 (Rev. 02/19)    **CIVIL COVER SHEET**    19-cv-529

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

DAVID LOMBARDI, on behalf of himself and all others similarly situated,

**(b)** County of Residence of First Listed Plaintiff  Bucks County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari H. Marcus, Esq.m MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300, Asbury Park, NJ 07712
(732) 695 3282

**DEFENDANTS**    19    5269

SEQUIUM ASSET SOLUTIONS, LLC; VIVINT, INC.; and JOHN DOES 1-25

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1692 , et seq., the Fair Debt Collection Practices Act ("FDCPA")

Brief description of cause:
misleading & deceptive communications from creditor and debt collector

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**    *(See instructions):*

JUDGE    DOCKET NUMBER

NOV - 7 2019

DATE  11/05/2019

SIGNATURE OF ATTORNEY OF RECORD
/s Ari H. Marcus

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19    5269

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Bucks County, PA _____

Address of Defendant: SEQUIUM ASSET SOLUTIONS, LLC 1130 Northchase Parkway, Suite 150 Marietta, Georgia 30067

Place of Accident, Incident or Transaction: _____ Bucks County, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/05/2019 _____ _____ 322283
Must sign here    Attorney I.D. # (if applicable)
*Attorney-at-Law / Pro Se Plaintiff*

---

**CIVIL:** (Place a √ in one category only)

**A.    Federal Question Cases:**

☐    1.    Indemnity Contract, Marine Contract, and All Other Contracts
☐    2.    FELA
☐    3.    Jones Act-Personal Injury
☐    4.    Antitrust
☐    5.    Patent
☐    6.    Labor-Management Relations
☐    7.    Civil Rights
☐    8.    Habeas Corpus
☐    9.    Securities Act(s) Cases
☐    10.   Social Security Review Cases
☑    11.   All other Federal Question Cases
        *(Please specify):*    15 U.S.C. 1692 et seq, the FDCPA

**B.    Diversity Jurisdiction Cases:**

☐    1.    Insurance Contract and Other Contracts
☐    2.    Airplane Personal Injury
☐    3.    Assault, Defamation
☐    4.    Marine Personal Injury
☐    5.    Motor Vehicle Personal Injury
☐    6.    Other Personal Injury *(Please specify):* _____
☐    7.    Products Liability
☐    8.    Products Liability – Asbestos
☐    9.    All other Diversity Cases
        *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Ari H. Marcus _____, counsel of record or pro se plaintiff, do hereby certify:

☑    Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐    Relief other than monetary damages is sought.

NOV - 7 2019

DATE: 11/05/2019 _____ _____ 322283
Sign here if applicable    Attorney I.D. # (if applicable)
*Attorney-at-Law / Pro Se Plaintiff*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DAVID LOMBARDI et al. | : | CIVIL ACTION |
| v. | : | 19    5269 |
| SEQUIUM ASSET SOLUTIONS et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       ( x )

| | | |
|---|---|---|
| 11/5/2019 | Ari Hi. Marcus | David Lombardi |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| (732) 695 3282 | (973) 298-6256 | Ari@MarcusZelman.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



#4/0

### UNITED STATES DISTRICT COURT
### FOR EASTERN DISTRICT OF PENNSYLVANIA

DAVID LOMBARDI on behalf of himself and all others similarly situated

Plaintiff(s),

-against-

SEQUIUM ASSET SOLUTIONS, LLC; VIVINT, INC.; and JOHN DOES 1-25,

Defendant(s).

Civil Case No.:    19    5269

**CIVIL ACTION**

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DAVID LOMBARDI, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, SEQUIUM ASSET SOLUTIONS, LLC ("Sequium"); VIVINT, INC. ("Vivint"); and JOHN DOES 1-25, collectively (hereinafter "Defendants") their employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as applicable provisions of Pennsylvania state statutory and common law.

2.      The United States Congress enacted the FDCPA in 1977 after noting the abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. The FDCPA aims to eliminate abusive practices by debt collectors and

provide debtors with a private cause of action against debt collectors who fail to comply with the Act. *See* 15 U.S.C. 1692 *et seq. Rosenau v Unifund Corp.,* 539 F.3d 218, 221 (3rd Cir. 2008); *Brown v. Card Service Center*, 464 F.3d 450, 453 (3rd 2006).

3.      Because the FDCPA is a remedial statute, the Third Circuit construes its language broadly, so as to effect its purpose. *See Brown*, 464 F.3d at 453; *Matter of Stroh v Director, OWCP*, 810 F.2d 61, 63 (3rd Cir. 1987).

4.      The FDCPA regulates the behavior of debt collectors attempting to collect a debt on behalf of another.

5.      The FDCPA is not concerned with whether the consumers owes the debt, rather, "[a] basic tenet of the ACT is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *FTC v. Check Investors, Inc.,* 502 F.3d 159, 165 (3d. Cir 2007)(internal citations omitted).

6.      "Congress also intended the FDCPA to be self-enforcing by private attorney general." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004).

7.      Except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.,* 629 F.3 364, 368 (3d Cir. 2011) (citing in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

8.      A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called statutory damages") up to $1,000.00 and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even

through no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973).

9.     The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact; in such a case, a plaintiff need not allege any *additional* harm beyond the one identified by Congress, *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016) citing *Federal Election Comm'n v. Akins,* 524 U.S. 11, 20–25 (1998)

10.     Plaintiffs seek statutory damages, attorney's fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to Section 1692k of the FDCPA and all other common law or statutory regimes.    Plaintiffs request an award of statutory, common law, punitive, and/or actual damages payable by Defendant.

11.     Plaintiff also brings this action for damages and declaratory  and  injunctive relief under 73 P.S. 2270.1 *et seq*, Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA"), which established "…what shall be considered unfair methods of competition and unfair or deceptive acts or practices with regard to the collection of debts." See Section 2270.2

12.     Plaintiffs seek damages, attorney's fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to Section 2270.5 of the FCEUA and all other common law or statutory regimes.  Plaintiffs request an award of common law, punitive, and/or actual damages payable by Defendants.

13.     Plaintiff also brings this action for damages and declaratory and injunctive relief_ under Section 201-1 *et seq*, Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

14.     Plaintiffs seek statutory damages, attorney's fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to Section 201-9.2 of

the UTPCPL and all other common law or statutory regimes. Plaintiffs request an award of statutory, common law, punitive, and/or actual damages payable by Defendants.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

16.    This Court has supplemental jurisdiction over Plaintiff's FCEUA and UTPCPL claims pursuant to 28.U.S.C. § 1367

17.    Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

18.    As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

19.    As used in reference to the FCEUA, the terms "communication", "consumer", "creditor", and "debt" are defined in § 2270.3 of the FCEUA.

20.    As used in reference to the UTPCPL, the terms "person" and "unfair or deceptive acts or practices" and "unfair methods of competition" are defined in § 201-2 of the FCEUA.

## PARTIES

21.    Plaintiff is a natural person and a resident of Bucks County in the State of Pennsylvania, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

22.    Plaintiff is also a "Consumer" as defined by 73 P.S. §2270.3.

23.    Plaintiff is also a "Person" as defined by 73 P.S. 201-2(2).

24.    SEQUIUM is a foreign limited liability company with its primary offices located at 1130 Northchase Parkway, Suite 150, Marietta, Georgia 300671.

25.    Upon information and belief, SEQUIUM is primarily in the business of acquiring and/or collecting debts that are allegedly due to another.

26.    Upon information and belief, SEQUIUM uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect and purchasing of debts.

27.    SEQUIUM is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

28.    SEQUIUM has attempted to collect a debt or obligation allegedly owed by Plaintiff to VIVINT.

29.    VIVINT is a foreign corporation with its primary United States of America offices located at 4931 North 300 West, Provo, Utah 846042.

30.    According to its website, VIVINT "...is a leading smart home company in North America. Vivint delivers an integrated smart home system with in-home consultation, professional installation and support delivered by its Smart Home Pros, as well as 24/7 customer care and monitoring." Supra FN2

31.    VIVINT is a "creditor" pursuant to 73 P.S. §2270.3.

32.    John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

---

1 https://www.sequium.com/ (last visited November 4, 2019)

2 https://www.vivint.com/company/contact-us (last visited November 4, 2019)

## CLASS ACTION ALLEGATIONS

33.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal

Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their

successors in interest (the "Class"), who were sent debt collection letters and/or notices from the

Defendants which are in violation of the FDCPA, FCEUA, and UTPCPL, as described in this

Complaint.

34.     This Action is properly maintained as a class action. The Class is initially defined

as:

> All Pennsylvania consumers who were sent initial
> letters and/or notices from SEQUIUM, between
> June 4, 2018 - June 4, 2019, concerning a debt
> owed to VIVINT, which included the alleged
> conduct and practices described herein,
>
> and/or
>
> all Pennsylvania consumers who were sent bills,
> letters and/or notices from VIVINT, between
> February 23, 2017 - February 23, 2019, which
> included the alleged conduct and practices
> described herein.

The class definition may be subsequently modified or refined.

35.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a

class action:

- Upon information and belief, the Class is so numerous that joinder of all

    members is impracticable because there are hundreds and/or thousands of

    persons who were sent debt collection letters and/or notices from the

Defendants that violate specific provisions of the FDCPA, FCEUA, and UTPCPL. Plaintiff is complaining of a standard form bill, letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A** and **Exhibit B,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.   Whether Defendants violated various provisions of the FDCPA, FECEUA, and UTPCPL;

  b.   Whether Plaintiff and the Class have been injured by Defendants' conduct;

  c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

36.     SEQUIUM collects and attempts to collect debts incurred or alleged to have been

incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

37.    Some time prior to February 23, 2019, Plaintiff allegedly incurred a financial obligation to VIVINT.

38.    The VIVINT obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

39.    The VIVINT obligation did not arise out of a transaction in which money, property, insurance or services, which were not the subject of the transaction, are primarily for personal, family or household purposes.

40.    The VIVINT obligation did not arise out of a business transaction.

41.    The VIVINT obligation arose out of a single account.

42.    The VIVIINT obligation arose as a result of a purchase, lease, or loan of goods, services or real or personal property.

43.    The VIVINT obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

44.    The VIVINT obligation is a "debt" as defined by 73 P.S. §2270.3.

45.    On or before February 23, 2019, VIVINT caused to be mailed to Plaintiff a bill, letter or notice attempting to collect the alleged VIVINT debt.   A copy of said documents is annexed hereto as **Exhibit A.**

46.    Upon receipt, Plaintiff read said notice.

47.    The VIVINT notice stated in relevant part: "Account Number: xxxxxx991"

48.    The VIVINT notice further stated in relevant part: "Payment Due: $191.80."

49.    The VIVINT notice further stated in relevant part:

| | |
|---|---|
| Smart Home Service | $54.99 |
| Vivint Installment Payment | $31.16 |
| Taxes | $4.75 |

| | |
|---|---|
| Total Monthly Charges | $90.90 |

**One-Time Charges**

-------------------------------------------------------------------

| | |
|---|---|
| Late Payment Fee | $10.00 |

| | |
|---|---|
| Total One-Time Charges | $100.00 |

50.     The VIVINT notice further stated in relevant part: "Amount Due: $191.80"

51.     Plaintiff never had an "Account" with VIVINT.

52.     Plaintiff never entered into a contract with VIVINT.

53.     Plaintiff never entered into an agreement with VIVINT.

54.     Plaintiff never had "Smart Home Service" installed.

55.     On or before June 4, 2019, the VIVINT account became past due and was in default.

56.     On or before June 4, 2019, VIVINT referred the VIVINT account to SEQUIUM for the purpose of collection.

57.     At the time VIVINT placed the VIVINT account with SEQUIUM for the purpose of collection, the account was in default.

58.     On or before June 4, 2019, SEQUIUM caused to be mailed to Plaintiff an initial letter attempting to collect the alleged VIVINT debt. A copy is annexed as **Exhibit B**

59.     Upon receipt, Plaintiff read said letter.

60.     The June 4, 2019 letter states, in relevant part:

| Account Information | |
|---|---|
| Date: | 06/04/19 |
| Reference #: | xxxxxxxx202 |
| Creditor Name: | Vivint Inc. |

| Creditor Account#: | xxxxxxxx991 |
|---|---|
| Total Due: | $4,154.93 |

61.     The June 4, 2019 letter also stated, in relevant part:

This notice is being sent to you by a collection agency. The balance identified above is the accelerated amount of the 60 month contract you agreed to on 09/23/2018 due to nonpayment. All monitoring and services have been suspended and the balance of the contract is now due in full.

62.     The June 4, 2019 letter further stated, in relevant part:

If you cannot take advantage of the Family Assistance Program please contact our office immediately to let us know how you intend to resolve this outstanding obligation. You can call the phone number listed above and speak with a representative or you can email us at customersupport@sequium.com. We are willing to work with you in any way possible.

63.     The June 4, 2019 letter further stated, in relevant part:

Thank you for your time and attention to this matter. We look forward to helping you resolve this outstanding obligation.

64.     Section 1692g(a) of the FDCPA requires the debt collector within five days of an initial communication send the consumer a written notice containing the following:

(1) the amount of the debt;

***

65.     Plaintiff never had an "Account" with VIVINT as stated in the SEQUIUM letter.

66.     Plaintiff never agreed to a "…contract… with VIVINT as stated in the SEQUIUM letter.

67.     Plaintiff never had "…monitoring and services….with VIVINT…" as stated in the SEQUIUM letter.

68.     On June 12, 2019, Plaintiff, through his counsel contacted SEQUIUM disputing the validity of the debt and requested verification thereof. A copy of said letter is annexed hereto

as **Exhibit C.**

69.    SEQUIUM never responded to the June 12, 2019 letter.

70.    On July 31, 2019, Plaintiff through his counsel contacted VIVINT regarding the debt. A copy of said letter is annexed hereto as **Exhibit D.**

71.    On August 14, 2019 VIVINT responded via email, and stated the following in relevant part (A copy of said email is annexed hereto as **Exhibit E**):

> "... Vivint has no contract with Mr. Lombardi and no documents that he signed. It is unclear how his name and address were put on this account..."

## POLICIES AND PRACTICES COMPLAINED OF

72.    It is SEQUIUM's policy and practice to send initial written collection communications, in the form annexed hereto as **Exhibit B** which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations as to the character or amount of the debt;

(b)    Using false representations or deceptive means to collect or attempt to collect any debt;

(c)    Using unfair unconscionable means to collect of attempt to collect any debt;

(d)    Failing to accurately state the amount of the debt;

(e)    Using unfair unconscionable means to collect of attempt to collect any debt;

(f)    Depriving consumers of their right to receive the necessary and accurate information as to the true amount of the alleged debt;

(g)    Depriving consumers of their right to receive the informational content as to amount of potential additional costs;

(h)     Depriving consumers of their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

(i)     Causing consumers to suffer a risk of economic injury.

73.     It is VIVINT's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A** which violate the FCEUA, by *inter alia*:

(a)     Using false, deceptive or misleading representations as to the character or amount of the debt;

(b)     Using false representations or deceptive means to collect or attempt to collect any debt;

(c)     Using unfair unconscionable means to collect of attempt to collect any debt;

(d)     Depriving consumers of their right to receive the necessary and accurate information as to the true amount of the alleged debt;

(e)     Depriving consumers of their right to receive the informational content as to amount of potential additional costs;

(f)     Depriving consumers of their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

(g)     Causing consumers to suffer a risk of economic injury.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
## VIOLATION OF 15 U.S.C. § 1692e *et seq.*

74.     Plaintiff repeats the allegations contained in paragraphs 1 through 73 as if the same were here set forth at length.

75.     Section 1692e(2)(A) states that a debt collector may not falsely represent the

character or amount of any debt.

76.    SEQUIUM violated Section 1692e(2)(A) of the FDCPA by sending Plaintiff a written communication which failed to accurately state the amount of the alleged debt as Plaintiff was not responsible for the VIVINT obligation.

77.    VIVINT violated Section 1692e(2)(A) of the FDCPA by sending Plaintiff a written communication which falsely stated the character of the alleged debt as Plaintiff was not responsible for the VIVINT obligation.

78.    Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

79.    SEQUIUM violated Section 1692e(10) of the FDCPA by sending Plaintiff a written communication which falsely represented the amount of the debt as Plaintiff was not responsible for the VIVINT obligation.

80.    Plaintiff suffered an informational injury due to SEQUIUM's violation of 15 U.S.C. §1692e et seq., of the FDCPA.

81.    Plaintiffs suffered a risk of economic injury due to SEQUIUM's violation of 15 U.S.C. §1692e et seq. of the FDCPA.

82.    By reason thereof, SEQUIUM is liable to Plaintiff for declaratory judgment that SEQUIUM's conduct violated Section 1692e et seq., of the FDCPA, statutory damages, costs and attorneys' fees.


**COUNT II**

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692**
**VIOLATION OF 15 U.S.C. § 1692f et seq.**

83.    Plaintiff repeats the allegations contained in paragraphs 1 through 82 as if the same were here set forth at length.

84.    Section 1692f(1) states a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt including the collection of any amount unless such amount is expressly authorized by agreement creating the debt or permitted by law.

85.    SEQUIUM violated Section 1692f(1) by sending Plaintiff a written communication attempting to collect the VIVINT obligation as Plaintiff was not responsible for the VIVINT obligation.

86.    Plaintiff suffered an informational injury due to SEQUIUM's violation of 15 U.S.C. §1692f *et seq.*, of the FDCPA.

87.    Plaintiffs suffered a risk of economic injury due to SEQUIUM's violation of 15 U.S.C. §1692f *et seq.* of the FDCPA.

88.    By reason thereof, SEQUIUM is liable to Plaintiff for declaratory judgment that SEQUIUM conduct violated Section 1692f et seq., of the FDCPA, statutory damages, costs and attorneys' fees.


**COUNT III**

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692**
**VIOLATION OF 15 U.S.C. §1692g *et seq.***


89.    Plaintiff repeats the allegations contained in paragraphs 1 through 88 as if the same were set forth at length.

90.    Collection letters and/or notices such as those sent by SEQUIUM, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

91.    Section 1692g(a) of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its initial communication with the consumer and send the consumer a written notice containing:

> Within five days after the initial communication with a consumer in connection with the collection of any debt... send the consumer a written notice containing ---
>
> ***

(1) the amount of the debt;

92.    SEQUIUM violated Section 1692g(a)(1) of the FDCPA by sending a written communication which failed to effectively convey the amount of the alleged debt as Plaintiff was not responsible for the VIVINT obligation.

93.    Plaintiffs suffered a risk of economic injury due to SEQUIUM's violation of 15 U.S.C. §1692g *et seq.* of the FDCPA.

94.    By reason thereof, SEQUIUM is liable to Plaintiff for declaratory judgment that SEQUIUM 's conduct violated Section 1692g et seq., of the FDCPA, statutory damages, costs and attorneys' fees.

95.    Plaintiff suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

96.    Plaintiff has been accorded a procedural right to protect his concrete interest in receiving certain information pursuant to the FDCPA.

97.    The deprivation of certain information relating to the FDCPA constitutes a sufficiently distinct injury to Plaintiff.

98.    The deprivation of certain information relating to the FDCPA creates a cognizable

injury-in-fact to Plaintiff.

99.    Plaintiff has and will continue to suffer actual damages and other damages as a direct result of SEQUIUM's actions, conduct, omissions and violations of the FDCPA described herein.

## COUNT IV

### PENNSYLVANIA's FAIR CREDIT EXTENSION UNIFORMITY ACT VIOLATION OF 73 P.S. 2270 *et seq*.

100.    Plaintiff repeats the allegations contained in paragraphs 1 through 99 as if the same were set forth at length.

101.    Under Section 2270.4(a) of the FCEUA, a violation of the FDCPA by a "debt collector" also constitutes a violation of the FCEUA.

102.    Under Section 2270.5(a) of the FCEUA, a violation of the FCEUA also constitutes a violation of the UTPCPL.

103.    SEQUIUM violated the FCEUA based on its violations of the FDCPA.

104.    2270.4(b)(5) of the FCEUA states the following, in relevant part, "A creditor may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:

***

(ii) The false representation of the character, amount or legal status of any debt.

***

(x) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

105.    VIVINT violated Section 2270.4(b)(5)(ii) of the FCEUA by sending Plaintiff a written communication which failed to accurately state the amount of the alleged debt as Plaintiff was not responsible for the VIVINT obligation.

106.    VIVINT violated Section 2270.4(b)(5)(ii) of the FCEUA by sending Plaintiff a written communication which falsely stated the character of the alleged debt as Plaintiff was not responsible for the VIVINT obligation.

107.    Section 2270.4(b)(5)(x) of the FCEUA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

108.    VIVINT violated Section 2270.4(b)(5)(x) of the FCEUA by sending Plaintiff a written communication which falsely represented the amount of the debt as Plaintiff was not responsible for the VIVINT obligation.

109.    Section 2270.4(b)(6) states the following in relevant part: "A creditor may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:

***

> **(i)** The collection of any amount, including any interest, fee, charge or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

***

110.    VIVINT violated Section 2270.4(b)(6) by sending Plaintiff a written communication attempting to collect the VIVINT obligation as Plaintiff was not responsible for the VIVINT obligation.

111.    VIVINT'S conduct and actions, as alleged herein, were done with malicious, intentional, willful and wanton disregard for Plaintiff's rights with the purpose of coercing

Plaintiff to pay the alleged debt.

112.   As a result of the above violations, Plaintiff is entitled to statutory, actual, treble and punitive damages and attorneys' fees and costs.

## COUNT V

### PENNSYLVANIA's UNFAIR TRADE PRACTICES and CONSUMER PROTECTION LAW
### VIOLATION OF 73 P.S. 201*et seq.*

113.   Plaintiff repeats the allegations contained in paragraphs 1 through 112 as if the same were set forth at length.

114.   Statutory violations of the FCEUA constitute violations of the UTPCPL. See 73 P.S. 2270.5(a)

115.   SEQUIUM's conduct as alleged above also constitutes separate and independent violations of the UTPCPL.

116.   VIVINT's conduct as alleged above also constitutes separate and independent violations of the UTPCPL.

117.   The UTPCPL defines "unfair methods of competition and unfair or deceptive acts or practices" and declares them unlawful under the Act in §§ 201-2(4) and 201-3. The UTPCPL provides remedies for private actions, including minimum statutory damages, actual damages, attorneys' fees, costs and treble damages in § 201-9.2.

118.   VIVINT's misrepresentation that Plaintiff owed the debt is a misrepresentation of the character, extent or amount of the debt in direct violation of the UTPCPL.

119.   VIVINT has also engaged in deceptive and/or fraudulent conduct that created likelihood of confusion or of misunderstanding prohibited by § 201-2(4)(xxi).

120.    Plaintiff has suffered an ascertainable loss of money and/or property as a result of defendants' violations of the UTPCPL as alleged herein.

121.    As a result, Plaintiff is entitled to statutory, actual, treble and punitive damages as well as attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a)     Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA, FCEUA, or the UTPCL;

(c)     Issuing a declaratory Order requiring SEQUIUM to make corrective disclosures;

(d)     Awarding Plaintiff statutory damages under the FDCPA, and ;

(e)     Awarding Plaintiff statutory damages under the UTPCPL

(e)     Awarding Plaintiff actual damages;

(f)     Awarding Plaintiff treble damages;

(g)     Awarding Plaintiff punitive damages;

(h)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(i)     Awarding pre-judgment interest and post-judgment interest; and

(j)     Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: November 4, 2019

*/s/ Ari H. Marcus*
Ari H. Marcus, Esq.
MARCUS & ZELMAN, LLC

701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282telephone
(973) 298-6256 facsimile
Ari@MarcusZelman.com

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq., (*pro hac vice* forthcoming)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

*/s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq. (*pro hac vice* forthcoming)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
bwolf@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

*/s/ Ari H. Marcus*
Ari H. Marcus, Esq.

# EXHIBIT A

# vivint.SmartHome

Account Number: ████991
Invoice Creation Date: February 23, 2019
Invoice Number: ████165
Billing Period: 2/23/2019 to 3/22/2019
Due Date: March 10, 2019
Page: 1 of 1

view your current account balance at account.vivint.com

## Monthly Invoice Summary

| | |
|---|---|
| Billing Period | 2/23/2019 to 3/22/2019 |
| Previous Balance | $90.90 |
| Payments & Adjustments | $0.00 |
| New Charges | $100.90 |
| **Payment Due** | **$191.80** |
| To Avoid Late Fee, Pay By | 3/10/2019 |

Please note any payments or credits made after the Invoice Creation Date will not be reflected on this invoice. To see your current account balance visit account.vivint.com

Online Bill Explanation
Learn more about charges
View frequently asked questions
Take the online account center tour
Visit support.vivint.com/bill

Vivint Account Center
View your bill and pay online
Update your payment method
Upgrade to automatic billing
Login at account.vivint.com

Contact Us
vivint.com/contact-support
customersupport@vivint.com
800.216.5232

## New Charges Summary

**Monthly Charges**

| | |
|---|---|
| Smart Home Service | $54.99 |
| Vivint Installment Payment | $31.16 |
| Taxes | $4.75 |
| Total Monthly Charges | $90.90 |

**One-Time Charges**

| | |
|---|---|
| Late Payment Fee | $10.00 |
| Total One-Time Charges | $10.00 |

# vivint.SmartHome

☐ Please check box if your address has changed and provide your new address on the back.

| | |
|---|---|
| Statement Creation Date: | February 23, 2019 |
| Account Number: | ████991 |
| Due Date: | March 10, 2019 |
| Amount Due: | $191.80 |
| Amount Enclosed: | |



DAVID LOMBARDI

PENNSYLVANIA

VIVINT, INC.
62992 COLLECTION DRIVE
CHICAGO, IL 60693-0629

# vivint.SmartHome™

## Service and support: support.vivint.com

- Equipment repair
- Updates of emergency contact information
- Equipment operation assistance
- Billing questions
- Monitoring service questions
- Changes of address, phone number
- Security system upgrades



Name:

City:                                      State:

Type of account (check one):         Checking         Savings

Name of financial institution

Checking/Savings account number

Type of credit card (check one):       Visa       MasterCard

Name on account                      Expiration date

## Moving or changes to your address

If you have moved or are planning to move in the future, Vivint can help you with important matters concerning your alarm system and safety. Please visit **vivint.com/moves** for more information.

## Electronic automatic payment setup

Vivint's electronic automatic payment plan can save you the time and expense of mailing monthly payments for your account by automatically debiting your checking/savings/credit card for the monthly fee. Update payment information online at **account.vivint.com** or fill out the form below.

Address

Zip code                                 Home phone

(Remember to include a voided check/savings account statement)

City of financial institution           State of financial institution

ABA routing number (first 9 digits in lower left corner of check)

Discover          American Express

Card number

I authorize Vivint to initiate, by electronic means, debit entries to my checking/savings/credit card and the financial institution shown to debit the same such account.

Signature                               Date

Detach and mail Electronic Payment Plan authorization for to: Vivint, Inc. c/o EPP Dept., 4931 North 300 West, Provo, UT 84604

Thank you for your business. Detach and return this portion with your payment. Keep upper portion for your records.

# vivint.SmartHome™

To update your mailing address fill out this form and return with your payment.

Name

Mailing address:

Home Phone                     Business Phone

## Terms and conditions

All payments should be made to Vivint, Inc. at the address shown on the front of your statement. Please allow 3-7 days for your payment to reach us. Late Payments received after the invoice date will be detailed on your next statement. If your payment is not received in a timely manner, a late charge will apply and will be assessed on your next statement. Please **visit support.vivint.com** if you have any questions related to your statement or alarm services. All written correspondence should be mailed to Vivint Customer Service, 4931 North 300 West, Provo, UT 84604.



# vivint.SmartHome.

📺 view your current account balance at **account.vivint.com**

| | |
|---|---|
| Account Number: | ███991 |
| Invoice Creation Date: | March 23, 2019 |
| Invoice Number: | ███943 |
| Billing Period: | 3/23/2019 to 4/22/2019 |
| Due Date: | April 07, 2019 |
| Page: | 1 of 1 |

## Monthly Invoice Summary

| | |
|---|---|
| Billing Period | 3/23/2019 to 4/22/2019 |
| Previous Balance | $191.80 |
| Payments & Adjustments | $0.00 |
| New Charges | $100.90 |
| **Payment Due** | **$292.70** |
| To Avoid Late Fee, Pay By | 4/7/2019 |

## New Charges Summary

**Monthly Charges**

| | |
|---|---|
| Smart Home Service | $54.99 |
| Vivint Installment Payment | $31.16 |
| Taxes | $4.75 |
| Total Monthly Charges | $90.90 |

**One-Time Charges**

| | |
|---|---|
| Late Payment Fee | $10.00 |
| Total One-Time Charges | $10.00 |

🔍 Please note any payments or credits made after the Invoice Creation Date will not be reflected on this invoice. To see your current account balance visit account.vivint.com

💬 Online Bill Explanation
Learn more about charges
View frequently asked questions
Take the online account center tour
Visit support.vivint.com/bill

🖥 Vivint Account Center
View your bill and pay online
Update your payment method
Upgrade to automatic billing
Login at account.vivint.com

📞 Contact Us
vivint.com/contact-support
customersupport@vivint.com
800.216.5232

Thank you for your business. Detach and return this portion with your payment. Keep upper portion for your records.

# vivint.SmartHome.

☐ Please check box if your address has changed and provide your new address on the back.

| | |
|---|---|
| Statement Creation Date: | March 23, 2019 |
| Account Number: | ███991 |
| Due Date: | April 07, 2019 |
| Amount Due: | $292.70 |
| Amount Enclosed: | |

DAVID LOMBARDI

███ PENNSYLVANIA ███

VIVINT, INC.
62992 COLLECTION DRIVE
CHICAGO, IL 60693-0629

# vivint.SmartHome

view your current account balance at **account.vivint.com**

| | |
|---|---|
| Account Number: | ███991 |
| Invoice Creation Date: | April 23, 2019 |
| Invoice Number: | ███790 |
| Billing Period: | 4/23/2019 to 5/22/2019 |
| Due Date: | May 08, 2019 |
| Page: | 1 of 1 |

## Monthly Invoice Summary

| | |
|---|---|
| Billing Period | 4/23/2019 to 5/22/2019 |
| Previous Balance | $292.70 |
| Payments & Adjustments | $0.00 |
| New Charges | $100.90 |
| **Payment Due** | **$393.60** |
| To Avoid Late Fee, Pay By | 5/8/2019 |

## New Charges Summary

**Monthly Charges**

| | |
|---|---|
| Smart Home Service | $54.99 |
| Vivint Installment Payment | $31.16 |
| Taxes | $4.75 |
| Total Monthly Charges | $90.90 |

**One-Time Charges**

| | |
|---|---|
| Late Payment Fee | $10.00 |
| Total One-Time Charges | $10.00 |

Please note any payments or credits made after the Invoice Creation Date will not be reflected on this invoice. To see your current account balance visit account.vivint.com

Online Bill Explanation
Learn more about charges
View frequently asked questions
Take the online account center tour
Visit support.vivint.com/bill

Vivint Account Center
View your bill and pay online
Update your payment method
Upgrade to automatic billing
Login at account.vivint.com

Contact Us
vivint.com/contact-support
customersupport@vivint.com
800.216.5232

Thank you for your business. Detach and return this portion with your payment. Keep upper portion for your records.

# vivint.SmartHome

Please check box if your address has changed and provide your new address on the back.

| | |
|---|---|
| Statement Creation Date: | April 23, 2019 |
| Account Number: | ███991 |
| Due Date: | May 08, 2019 |
| Amount Due: | $393.60 |
| Amount Enclosed: | |

DAVID LOMBARDI

PENNSYLVANIA

VIVINT, INC.
62992 COLLECTION DRIVE
CHICAGO, IL 60693-0629

# EXHIBIT B

# Sequium Asset Solutions, LLC

1130 Northchase Parkway, Suite 150
Marietta, GA 30067
Toll-Free: 866-752-7391
Hours: Monday through Friday 9 AM – 5 PM Eastern Time Zone

| Account Information | |
| --- | --- |
| Date: | 06/04/19 |
| Reference #: | ████202 |
| Creditor Name: | Vivint Inc. |
| Creditor Account #: | ████991 |
| Total Due: | $4,154.93 |

Don't want to speak to a representative? Please visit www.sequium.com to communicate with us about your account.



**PAY ONLINE**

 Secure, Convenient and Easy to Use.
You can now pay online at:
www.sequium.com
We accept all major credit cards

 You can now make payments using our mobile app. Download Now!

 Telephone Hours:
Monday – Friday, 9 AM – 5 PM EST.
Toll-Free: 866-752-7391
Fax: 678-228-0019

 Send Mail To:
Sequium Asset Solutions, LLC
1130 Northchase Parkway, Suite 150
Marietta, GA 30067

**vivint.SmartHome Wants You Back...**
**Family Assistance Program**

Dear David Lombardi:

This notice is being sent to you by a collection agency. The balance identified above is the accelerated amount of the 60 month contract you agreed to on 09/23/2018 due to nonpayment. All monitoring and services have been suspended and the balance of the contract is now due in full.

Vivint understands that life happens and situations change. This is why Vivint is offering a special Family Assistance Program to help reactivate your services at a reduced past due amount of $322.20. You will be required to pay the reduced past due amount this month and set up your reoccurring monthly payments. This will not only allow your services to be reactivated, it will also allow you to resume your monthly payments. This is a limited time offer so it is important to call Vivint today at 866-752-7391 to let them know you would like to take advantage of this limited time offer.

If you cannot take advantage of the Family Assistance Program please contact our office immediately to let us know how you intend to resolve this outstanding obligation. You can call the phone number listed above and speak with a representative or you can email us at customersupport@sequium.com. We are willing to work with you in any way possible.

Please note: If you are taking advantage of the Vivint Family Assistance Program you must call Vivint directly at 866-752-7391 so that your monitoring gets reactivated.

Thank you for your time and attention to this matter. We look forward to helping you resolve this outstanding obligation.

Sincerely,
Sequium Asset Solutions, LLC

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
FRMC // 01041 // 5698 / 212040466504 / 00305205 / 0024    *** Detach Lower Portion And Return With Payment ***

PO Box 1699
Southgate, MI 48195-0699
CHANGE SERVICE REQUESTED

| David Lombardi | |
| --- | --- |
| Reference #: | ████202 |
| Creditor Name: | Vivint Inc. |
| Creditor Account #: | ████991 |
| Total Due: | $4,154.93 |
| Amount Enclosed: | $ |

David Lombardi

██████ PA █████

Sequium Asset Solutions, LLC
1130 Northchase Parkway, Suite 150
Marietta, GA 30067

# vivint.SmartHome

| | |
|---|---|
| Account Number: | 991 |
| Invoice Creation Date: | April 23, 2019 |
| Invoice Number: | 790 |
| Billing Period: | 4/23/2019 to 5/22/2019 |
| Due Date: | May 08, 2019 |
| Page: | 1 of 1 |

view your current account balance at **account.vivint.com**

## Monthly Invoice Summary

| | |
|---|---|
| Billing Period | 4/23/2019 to 5/22/2019 |
| Previous Balance | $292.70 |
| Payments & Adjustments | $0.00 |
| New Charges | $100.90 |
| **Payment Due** | **$393.60** |
| To Avoid Late Fee, Pay By | 5/8/2019 |

## New Charges Summary

**Monthly Charges**

| | |
|---|---|
| Smart Home Service | $54.99 |
| Vivint Installment Payment | $31.16 |
| Taxes | $4.75 |
| Total Monthly Charges | $90.90 |

**One-Time Charges**

| | |
|---|---|
| Late Payment Fee | $10.00 |
| Total One-Time Charges | $10.00 |

Please note any payments or credits made after the Invoice Creation Date will not be reflected on this invoice. To see your current account balance visit account.vivint.com

Online Bill Explanation
Learn more about charges
View frequently asked questions
Take the online account center tour
Visit support.vivint.com/bill

Vivint Account Center
View your bill and pay online
Update your payment method
Upgrade to automatic billing
Login at account.vivint.com

Contact Us
vivint.com/contact-support
customersupport@vivint.com
800.216.5232

Thank you for your business. Detach and return this portion with your payment. Keep upper portion for your records.

# vivint.SmartHome

☐ Please check box if your address has changed and provide your new address on the back.

| | |
|---|---|
| Statement Creation Date: | April 23, 2019 |
| Account Number: | 991 |
| Due Date: | May 08, 2019 |
| Amount Due: | $393.60 |
| Amount Enclosed: | |

DAVID LOMBARDI

PENNSYLVANIA

VIVINT, INC.
62992 COLLECTION DRIVE
CHICAGO, IL 60693-0629

# vivint.SmartHome

## Service and support: support.vivint.com

- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]

## Moving or changes to your address

If you are moving to a new place or need to relocate in the future, Vivint can help you with moving and setting up your alarm system and safety. Please visit vivint.com/moves for more information.

## Electronic automatic payment setup

[illegible] save you the time and expense of making monthly payments for your account by automatically debiting your checking/savings account each month. Set up your payment information online at account.vivint.com or fill out the form below.

Name _____

Address _____

[illegible fields]

(Please be sure to include a voided check/savings account statement)

City of financial institution _____   State of financial institution _____

Checking/Savings account no. _____

ABA routing number (first 9 digits in lower left corner of check) _____

[illegible fields]

Signature _____   Date _____

# vivint.SmartHome

Name _____

## Terms and conditions

[illegible paragraph]

Mailing address _____

Home Phone _____   Business Phone _____

# EXHIBIT C

*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f. (646) 459-7973



# Jones, Wolf & Kapasi
## LLC
**ATTORNEYS AT LAW**

Joseph K. Jones, Esq.††
Benjamin J. Wolf, Esq.††
Anand A. Kapasi, Esq.†
Paul Gottleib, Esq.

††Admitted NY, NJ, CT
†Admitted NY, NJ

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f. (973) 244-0019

www.legaljones.com

*Reply to:  New York*

June 12, 2019

<u>Via Facsimile (678) 228-0019 and First Class Mail</u>

Sequium Asset Solutions, LLC
1130 Northchase Parkway, Suite 150
Marietta, GA 30067

Re:    David Lombardi
Reference #: ▇▇ 202
Creditor Account #: ▇▇ 991

To Whom It May Concern:

This firm has been retained to represent the interest of David Lombardi, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Mr. Lombardi.  Furthermore, Mr. Lombardi hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact him on his mobile telephone, whether by calling, texting or emailing or to any facsimile device.

As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of a portion of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information to our <u>New York</u> office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Sequium Asset Solutions, LLC, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

Your anticipated cooperation in this matter is appreciated.

JONES, WOLF & KAPASI, LLC
*/s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
bwolf@legaljones.com

cc: David Lombardi (*via* email)

# EXHIBIT D

*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f. (646) 459-7973

# Jones, Wolf & Kapasi
### LLC
**ATTORNEYS AT LAW**

Joseph K. Jones, Esq.[††]
Benjamin J. Wolf, Esq.[††]
Anand A. Kapasi, Esq.[†]
Paul Gottlieb, Esq.

[††]Admitted NY, NJ, CT
[†]Admitted NY, NJ

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f. (973) 244-0019

www.legaljones.com

*Reply to: New York*

July 31, 2019

<u>Via Facsimile (801) 377 4116 and First Class Mail</u>

Vivint
4931 North 300 West
Provo, UT 84604
ATTN: Legal Department

Re:    David Lombardi
       ███████ PA ███████
       Account No. █████ 991

To Whom It May Concern:

   This firm has been retained to represent the interest of David Lombardi.

   To that end, we request that you immediately forward (either via hard copy or electronically) all contracts, invoices, receipts, and any other documents related to Mr. Lombardi; his ██████ Pennsylvania address and/or Account No. ██████ 991, to our office. We have been informed by Mr. Lombardi that he has communicated with your office several times requesting these documents; however, none of them have been sent.

   Your anticipated cooperation in this matter is appreciated. Should you have any further questions regarding this matter, please do not hesitate to contact me.

   JONES, WOLF & KAPASI, LLC
   */s/ Benjamin J. Wolf*
   Benjamin J. Wolf, Esq.
   bwolf@legaljones.com

cc: David Lombardi (via email)

# EXHIBIT E

**From:** Carrie Jensen
**To:** Ben Wolf
**Subject:** Re: David Lombardi
**Date:** Wednesday, August 14, 2019 1:54:27 PM
**Attachments:** image001.png

Mr. Wolf,

Vivint received your letter of July 31, 2019 regarding David Lombardi, requesting any documents related to Mr. Lombardi, his address, or account number ███████991.

I have attached information from the Billing account ██████991) which contains Mr. Lombardi's name and address. I have also attached a record of the payments made on that account. Vivint has no contract with Mr. Lombardi and no documents that he signed. It is unclear how his name and address were put on this account. Vivint's Billing department has attempted to contact the customer for the related service to verify the billing address, but has not made any contact.

Thank you,

Carrie Jensen • Legal Assistant Supervisor
carjensen@vivint.com
simply smarter • vivint.com
4931 N. 300 W. Provo, UT 84604

vivint.SmartHome

The information in this e-mail is for the use of the designated recipients only. This email is considered confidential unless otherwise indicated and may also constitute an attorney/client communication or attorney work product subject to copyright or constitutes a trade secret, and therefore, is privileged and confidential. If you are not an identified recipient of this email, you are instructed not to review it or any attachments, to immediately permanently delete this e-mail, and are further directed to not disseminate, forward or copy any information from this email or any attachments.